UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

KYRIBA CORP.,

                              Plaintiff,

v.

PROVIDA COMMERCIAL FINANCE, et al.,

                            Defendants.

Case No.:  19cv1690-L-LL

**ORDER GRANTING JOINT MOTION FOR ENTRY OF STIPULATED PROTECTIVE ORDER WITH MODIFICATIONS**

**[ECF No. 20]**

     On December 31, 2019, the Parties filed a "Joint Motion for Entry of Stipulated Protective Order." ECF No. 20. The Court has considered the stipulated protective order and, for good cause shown, the joint motion is **GRANTED** with the following modifications:

     1.    Paragraph 8 should read as follows: "Information designated "CONFIDENTIAL - FOR COUNSEL ONLY" must be viewed only by counsel (as defined in paragraph 3) of the receiving party, court personnel, and by independent experts under the conditions set forth in this Paragraph. The right of any independent expert to receive any confidential information will be subject to the advance approval of such expert by the producing party or by permission of the Court. The party seeking approval of an

independent expert must provide the producing party with the name and curriculum vitae of the proposed independent expert, and an executed copy of the form attached hereto as Exhibit A, in advance of providing any confidential information of the producing party to the expert. Any objection by the producing party to an independent expert receiving confidential information must be made in writing within fourteen (14) days following receipt of the identification of the proposed expert. Confidential information may be disclosed to an independent expert if the fourteen (14) day period has passed and no objection has been made. The approval of independent experts must not be unreasonably withheld."

2. Paragraph 12 should read as follows: "Before any materials produced in discovery, answers to interrogatories, responses to requests for admissions, deposition transcripts, or other documents which are designated as confidential information are filed with the Court for any purpose, the party seeking to file such material must seek permission of the Court to file the material under seal. No document shall be filed under seal, and the Court shall not be required to take any action, without separate prior order by the judge before whom the hearing or proceedings will take place, after application by the affected party with appropriate notice to opposing counsel. The parties shall follow and abide by applicable law, including Civil Local Rule 79.2, Section 2.j of the Electronic Case Filing Administrative Policies and Procedures, and the Chambers Rules of the applicable judge, with respect to filing documents under seal. A sealing order may issue only upon a request that establishes that the document, or portions thereof, is privileged or otherwise subject to protection under the law. The request must be narrowly tailored to seek sealing only of sensitive personal or confidential information. An unredacted version of the document, identifying the portions subject to the motion to seal, must be lodged with the motion to seal. A redacted version of the document must be publicly filed simultaneously with the motion or ex parte application to file under seal."

3. Paragraph 13 should read as follows: "At any stage of these proceedings, any party may object to a designation of the materials as confidential information. The party

objecting to confidentiality must notify, in writing, counsel for the designating party of the objected-to materials and the grounds for the objection. If the dispute is not resolved consensually between the parties within seven (7) days of receipt of such a notice of objections, the objecting party may move the Court for a ruling on the objection. The motion must be timely according to the Chambers Rules of the applicable judge and in conformance with any requirements set forth in the Local Rules and the Chambers Rules of the applicable Judge. The material at issue must be treated as confidential information, as designated by the designating party, until the Court has ruled on the objection or the matter has been otherwise resolved."

4.     Paragraph 26 should read as follows: "The Court may modify the protective order in the interests of justice or for public policy reasons."

**IT IS SO ORDERED.**

Dated:  January 6, 2020

_____
Honorable Linda Lopez
United States Magistrate Judge

19cv1690-L-LL