UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KYRIBA CORP., a Delaware Corporation,<br><br>                                  Plaintiff,<br><br>v.<br><br>PROVIDA COMMERCIAL FINANCE, a Canadian Entity; DOES 1 through 20, inclusive,<br><br>                                 Defendants. | Case No.: 3:19-cv-1690-L-LL<br><br>**ORDER GRANTING MOTION TO STRIKE ANSWER AND ENTER DEFAULT** |

      Pending before the Court in this breach of contract action is Plaintiff's motion to strike Defendant's answer and enter default.  Defendant did not oppose the motion.  Plaintiff's motion is therefore granted as unopposed.  *See* Civ. Loc. Rule 7.1.f.3.c; *Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995).

      Alternatively, the motion is granted pursuant to *United States v. High Country Broadcasting Co., Inc.*, 3 F.3d 1244 (9th Cir. 1993) (default entered against unrepresented entity).  Defendant Provida Commercial Finance is a Canadian business entity.  (Doc. no. 1 at 1; doc. no. 9 at 1.)  Defendant, represented by counsel, timely answered the complaint.  (*See* doc. no. 9.)  On February 14, 2020, Defendant's counsel filed a motion to withdraw, which was granted on February 18, 2020.  (Doc. nos. 25, 26.)

On February 19, 2020, Magistrate Judge Linda Lopez issued an order vacating the settlement conference, informing Defendant that "in the Southern District of California, a corporate entity cannot appear *pro se*," and setting March 4, 2020 as the date by which Defendant must enter appearance of new counsel.  (Doc. no. 27 (citing Civ. Loc. R. 83.3(j).)  Nevertheless, no counsel has entered an appearance on Defendant's behalf to date.  On April 6, 2020, Plaintiff filed the pending motion to strike the answer and enter default pursuant to Civil Local Rule 83.3.  The motion was served on Defendant (*see* doc. no. 28-3), however Defendant has not responded.

As a business entity, Defendant is not able to proceed unrepresented:

> Only natural persons representing their individual interests in propria persona may appear in court without representation by an attorney . . .. All other parties, including corporations, partnerships and other legal entities, may appear in court only through an attorney admitted to practice pursuant to Civil Local Rule 83.3.

Civ. Loc. Rule 83.3.j; *see also High Country Broadcasting*, 3 F.3d at 1245.  When a business entity fails to retain counsel, it is appropriate for to strike its answer and enter default.  *See id.; see also Employee Painters' Trust v. Ethan Enterprises, Inc.,* 480 F.3d 993, 998 (9th Cir. 2007).

Accordingly, Plaintiff's motion to strike Defendant's answer and enter default is granted on this alternative reason.  The Clerk of Court shall strike Defendant's answer (doc. no. 9) and enter default.  If Plaintiff intends to move for a default judgment pursuant to Federal Rule of Civil Procedure 55(b), it must file its motion no later than the time specified in Civil Local Rule 55.1.

**IT IS SO ORDERED.**

Dated:  August 21, 2020

_____
Hon. M. James Lorenz
United States District Judge